IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

**IN RE PATRICIA ANN PARKER,**

    Debtor/Appellant,

Case No. 1:15CV00031

**OPINION AND ORDER**

By: James P. Jones
United States District Judge

*Patricia Ann Parker, Pro Se Appellant.*

By order entered June 1, 2015, the United States Bankruptcy Court for the Western District of Virginia (the "bankruptcy court") denied Patricia Ann Parker's (the "debtor") motion to expunge prior bankruptcy filings from her credit report. The bankruptcy court's order both framed and addressed a one-page motion filed by the debtor in a closed Chapter 13 bankruptcy proceeding. The debtor's motion is entitled a "Motion to Vacate Dissmissed [sic] Case and Close," and appears to request the removal of a voluntary bankruptcy filing that was filed by the debtor in 2014. Motion to Vacate, ECF No. 26, Case No. 14-bk-70983. The debtor's request appears to be based on her belief that filing for bankruptcy relief would address various debts that she attributes to identity theft. She also asserts in her

motion before the bankruptcy court that the presence of her bankruptcy filing is negatively affecting her ability to find employment.

In framing the debtor's motion as a request to expunge the debtor's prior bankruptcy filings from the court records, the bankruptcy court considered whether expungement was appropriate under section 107(a) of the Bankruptcy Code. Section 107(a) states, in part, that "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). The bankruptcy court noted that section 107(b) identifies exceptions that allow a court to enter an order to protect entities "with respect to a trade secret or confidential research, development, or commercial information," or to protect persons "with respect to scandalous or defamatory matter contained in" documents filed with the court. 11 U.S.C. § 107(b)(1)–(2). However, in denying the debtor's motion, the bankruptcy court concluded that none of the circumstances identified in section 107(b) applied in this case.

On June 15, 2015, the bankruptcy court docketed the debtor's pro se notice of appeal. In the notice, the debtor reasserts that she was a victim of identity theft and states that her bankruptcy filing was in error. On June 16, 2015, the bankruptcy court clerk entered a notice of deficiency indicating that the debtor had not paid filing costs associated with the appeal, along with other deficiencies associated with the debtor's failure to identify the parties to the appeal. To date,

the debtor has not paid the filing costs associated with this appeal. Moreover, the only documents in the record before this court are the notice of appeal and the designation of record on appeal.

District courts "have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a). "The timely filing of a notice of appeal is a prerequisite to this court's jurisdiction to review a final judgment or order of the bankruptcy court." *Lowe's of Va., Inc. v. Thomas*, 60 B.R. 418, 420 (W.D. Va. 1986). Federal Rule of Bankruptcy Procedure 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). In this case, the notice of appeal was filed within 14 days after entry of the bankruptcy court's June 1, 2015 order.

In spite of the debtor's timely notice of appeal, I cannot overlook the debtor's failure to pay the mandatory filing fee in this case. Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed fee."). Pursuant to Federal Rule of Bankruptcy Procedure 8003, the failure to pay the filing fee does not "affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2); *see Lowe's of Va.*, 60 B.R. at 420 ("Failure

-3-

Case 1:15-cv-00031-JPJ-PMS   Document 3   Filed 08/10/15   Page 3 of 4   Pageid#: 29

. . . to promptly pay the filing fee before the expiration of the . . . period for filing a notice of appeal will not preclude the district court from exercising jurisdiction to consider the appeal since payment of the fee is not determinative in establishing compliance with the . . . notice requirement."). Under these circumstances, I order the debtor to show cause as to why this appeal should not be dismissed because of her failure to pay the appropriate filing fee associated with this appeal. More specifically, the debtor must submit a written response addressing this deficiency no later than 14 days after the entry of this opinion and order or her case will likely be dismissed. *See In re Fifer*, No. 7:15-cv-00163, 2015 WL 3542798, at *3 (W.D. Va. June 4, 2015).

For these reasons, the debtor is **ORDERED** to file with this court in writing within 14 days the reasons for her failure to pay the appropriate filing fee. Her failure to do so may result in the dismissal of this appeal without further notice.

    ENTER: August 10, 2015

    /s/ James P. Jones
    United States District Judge

-4-

Case 1:15-cv-00031-JPJ-PMS   Document 3   Filed 08/10/15   Page 4 of 4   Pageid#: 30